IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DENNIS GRANT POULSEN,

    Plaintiff,

v.                                                                CASE NO. 1:07-cv-00096-SPM-AK

PUBLIX SUPER MARKETS, INC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case, alleging violations of the Florida Civil Rights Act (FCRA), Title VII, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA), was timely removed by Defendant to this Court.[1]  Presently before the Court is Defendant's motion to dismiss.  Doc. 3.  As grounds for this request, Defendant charges that Plaintiff failed to file his charge of discrimination in a timely manner.  According to Defendant, Plaintiff was terminated on February 20, 2003, and filed his charge of discrimination 397 days after that date. In response, Plaintiff maintains that he was terminated on April 21, 2003, and filed his charge of

---

[1] In his response to Defendant's motion to dismiss, Plaintiff requests that the removal be denied.  Doc. 4.  That request has no jurisdictional basis, as Defendant's removal was proper. *See* 28 U.S.C. § 1331.

discrimination with the Florida Commission on Human Rights "19 days short of one year, the time limit by law to file."

Because the termination date is potentially dispositive of this matter, the Court ordered Plaintiff "to submit evidence to support his claim that he was terminated from employment with Defendant on April 21, 2003." Doc. 6. In response to that order, Plaintiff submitted, *inter alia*, a Report of Findings from a human resources investigator for Defendant dated April 21, 2003, Doc. 7 at 4-6, and the decision of the appeals referee affirming the denial of Plaintiff's request for unemployment benefits. *Id*. at 8-9.

The Report of Findings indicates that Plaintiff lodged a formal complaint with Defendant on March 17, 2003, the original date of the denial of unemployment benefits. *Id*. at 5; *see also id*. at 9. According to the Report, Plaintiff complained that he "did not resign his employment" and that the "decision to resign his employment was a violation of the Kemp Settlement [because Defendant discriminated against him for being arrested]." *Id*. at 5-6. The Report also indicates that "[o]n February 20, Store Manager Shane Powers resigned Mr. Poulson for job abandonment," that Plaintiff did not personally contact Defendant until February 25, 2003, and that on February 27, 2003, Plaintiff met with Powers and the assistant meat manager "to discuss the situation." *Id*. According to the Report, Powers advised Plaintiff at that time that "he would check to make sure that he had made the right decision," and that later that day, Mr. Powers informed Plaintiff "that after reviewing the decision, the resignation would stand." *Id*. at 6. The

Report concluded that "the decision to resign Mr. Poulson was appropriate" and that there was "no evidence that Mr. Powers' decision violated the Kemp Settlement." *Id*.

The decision of the appeals referee set Plaintiff's last date of employment as February 27, 2003, and affirmed the denial of benefits while modifying the prior determination to "show that claimant was discharged for misconduct connected with work." *Id*. at 8-9.

The timely filing of a charge of discrimination is a prerequisite to bringing suit under either the FCRA, Title VII, the ADEA, or the ADA.  *Riccard v. Prudential Insurance Co*., 307 F.3d 1277, 1291 (11th Cir. 2002); *Maynard v. Pneumatic Products Corp*, 256 F.3d 1259, 1262 (11th Cir. 2001); *Woodham v. Blue Cross and Blue Shield*, 829 So.2d 891, 894 (Fla. 2002).  For purposes of Title VII, the ADEA, and the ADA, the charge of discrimination must be filed within 300 days of the alleged discriminatory act; for purposes of the FCRA, the charge of discrimination must be filed within 365 days of the alleged discriminatory act.  *Maynard*, 256 F.3d at 1262; *Woodham*, 829 So2d at 894.

Having carefully considered the matter, the Court finds that the date of termination February 27, 2003.  The Court reaches that conclusion for several reasons.  First, Defendant has submitted conflicting dates for its termination decision, the date being either February 24, 2003, according to a letter from one of its attorneys to the FCHR, or February 20, 2003, according to its internal Resignation Useform.  Doc. 3 at 1 & 3.  There can be no dispute, however, that supervisory personnel met with Plaintiff on February 27, 2003, to discuss the situation, a

meeting which resulted in the reaffirmation of its termination decision. While this indicates that the termination decision did in fact occur earlier than the February 27 meeting, in effect, the latter meeting operated as an informal appeals process of the termination decision and will stand as the date of termination for purposes of this case only.[2]  Furthermore, the appeals referee set the termination date at February 27, 2003, and the Court believes that unchallenged decision should be afforded great weight. The Court does not believe that the date suggested by Plaintiff as the termination date, April 21, 2003, is supported by the evidence. By that time, Plaintiff had already sought unemployment benefits, thereby indicating that he knew before he lodged the March 17, 2003, complaint with Defendant's human resources department that he had in fact been terminated from employment.

With that said, the charge of discrimination dated March 20, 2004, and received by the FCHR on March 22, 2004, was filed at least 85 days out of time with regard to his federal claims and 20 days out of time with regard to his state law claims. "[T]he act of filing a charge [of discrimination] within the specified time period [is] mandatory." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). Thus, without a timely filed charge of discrimination, Plaintiff "lose[s] the ability to recover" for Defendant's alleged discrimination. *Id*. at 110.

Because Plaintiff's charge of discrimination was not timely filed with the FCHR, this

---

[2]The Court believes it appropriate to issue this caveat so that the Court's conclusion in this regard will not serve as precedent in a future proceeding. The Court would, however, encourage Defendant to be more precise in setting its termination date of employees in the future so as to avoid the conflict found here.

cause must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, Doc. 3, be **GRANTED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  3rd   day of July, 2007.


s/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**