IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DENNIS GRANT POULSEN,

    Plaintiff,
v.                                                                   CASE NO. 1:07-cv-00096-SPM-AK

PUBLIX SUPER MARKETS, INC.,

    Defendant.
_____/

## SECOND REPORT AND RECOMMENDATION

This case, alleging violations of the Florida Civil Rights Act (FCRA), Title VII, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA), was timely removed by Defendant to this Court. By prior Report and Recommendation, the Court recommended that Defendant's motion to dismiss be granted on the basis that Plaintiff did not timely file his charge of discrimination. Doc. 9. The District Judge adopted the R&R. Doc. 11. Plaintiff appealed, and the Eleventh Circuit vacated and remanded, finding that the undersigned had improperly converted the motion to dismiss into a summary judgment motion without giving Plaintiff the requisite notice. Doc. 22. After a liberal construction of Plaintiff's complaint, it also found that the record was "insufficient" to determine whether Plaintiff had

stated a cause of action for failure to rehire and if so, "whether such a claim was viable and exhausted properly either in conjunction with his termination or as a new and discrete act of discrimination." *Id*. In making its ruling, the court of appeals "express[ed] no opinion about the timeliness or merits of Plaintiff's claims." *Id*.

In response, Defendant filed a motion for summary judgment with a separate statement of facts. Docs. 24 & 25. The Court then gave Plaintiff the requisite *Brown/Griffith* notice. Doc. 27. Plaintiff has submitted a response to the motion for summary judgment, Doc. 30, and the motion is therefore in a posture for decision.

With regard to the issue of whether the charge of discrimination was timely filed as it relates to the discharge claim, the Court stands by its previous recommendation. *See* Doc. 9. Under long standing precedent, the time for filing a charge of discrimination related to a discharge from employment "begins to run when the employee receives unequivocal notice of the adverse employment decision," *Grayson v. K-Mart Corp*., 79 F.3d 1086, 1100 n.19 (11th Cir. 1996), and the "pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980). Furthermore, "[m]ere requests to reconsider...cannot extend the limitations periods applicable to the civil rights laws." *Id*. at 262 n.15. As outlined in the first R&R, Plaintiff knew long before an investigator issued a "Report of Findings" on April 21, 2003, that his employment had been terminated. Indeed, he knew on February 27,

2003, without any question whatsoever, that he had been discharged from employment, either because he was "resigned" under Defendant's policies for failing to contact his manager during the time he was in jail or because Defendant terminated his employment.  Either way, he indisputably knew on that date that he no longer worked for Defendant.  Indeed, in his response to the instant motion, Plaintiff states: "Plaintiff first meeting with Shane Powers (store manager) [on February 27, 2003] Plaintiff wanted to have his answer if he had a job or not so he could sign up for unemployment.  Plaintiff saw in Shane Powers face that the answer was no."   Doc. 30 at 4; *see also*, *e.g*., *id*. at 14 (Plaintiff represented on his unemployment benefits appeal that on February 27, 2003, he was "'resigned' by Shane Powers for abandoning the job and violating 'set store policy'").  Plaintiff's use of Defendant's "Formal Complaint Procedure" did not toll the running of the time to file a charge of discrimination,[1] and Plaintiff's own admissions foreclose the possibility of any genuine issue of material fact that it was the April 21, 2003, "Report of Findings" that gave him "unequivocal notice of the adverse employment decision," as opposed to the notice he was given two months earlier at the February 27 meeting.  Therefore, for the reasons stated in the first R&R and those noted above, Plaintiff's charge of discrimination

---

[1]Defendant has not explained anything about the "Formal Complaint Procedure" beyond what is indicated in the Report of Findings that it might be an aspect of the "Kemp Settlement." A cursory internet search confirmed that Defendant was sued by the EEOC for discriminatory employment practices, and as part of a comprehensive settlement in December, 2000, it agreed to "use an outside mediator to referee disputed racial discrimination claims for seven years."  *See* www.sptimes.com ("Tampa Publix Accused of Bias"); *see also* www.buck.com (partial SEC 10-K reports showing significant legal proceedings against Publix).

*Case No: 1:07-cv-00096-SPM-AK*

as it relates to his discharge from employment was untimely under both federal and state law, and no reasonable juror could find otherwise on this issue.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-52 (1986).

As to the other issue raised in the Eleventh Circuit's opinion related to a possible claim for failure to rehire or to reinstate, giving the complaint the most liberal of constructions as required under *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and after reviewing all of the documents which have been submitted, the Court simply does not believe Plaintiff has alleged such a claim.  In his complaint, Plaintiff claims that during his employment he was treated differently with regard to promotions and raises because of his age and his alleged disability and that his "termination stemmed from the defendant's discriminating perception of my disability and age."  Doc. 1 at 8.  In the "Technical Assistance Questionnaire for Employment Complaints" submitted to the Florida Commission on Human Relations and attached to the complaint, Plaintiff claims that he was paid less than younger workers, that the reasons given for his discharge were false, and that he complained about the number of African-American employees who were "ran off."  *Id*. at 13-14.  Attached to his response to the motion to dismiss is the formal charge of discrimination in which Plaintiff charges that Defendant discriminated against him based on his age and disability "during employment," that he was "subjected to different terms and conditions as compared to younger employees," that he was "erroneously regarded as engaging in drug use and terminated for such," that he was terminated when other younger

employees who had also been arrested were not, and that his "termination stemmed from [Defendant's] discriminating perception of my disability and age."  Doc. 4 at 6.

The only statement that approaches a claim for failure to rehire is in Plaintiff's objections to the first R&R in which he stated that the "letter dated April 21, 2003, was the last time Defendants discriminated against [him]."  Doc. 10 at 2.  That "letter" is the Report of Findings issued in connection with Plaintiff's request to have his termination reviewed.  *See* Doc. 7 at 5-6.  Quite simply, there is nothing in it that even hints at a new and discrete act of discrimination associated with Defendant's failure to rehire Plaintiff.   Even if the Court stretched beyond what is required by *Haines* and created a failure to rehire cause of action for Plaintiff out of whole cloth, it would be subject to the same fate as his termination claim, for a "discharged employee who seeks to be reinstated is really litigating the unfairness of his original discharge because only if the original discharge was discriminatory is he entitled to be reinstated as if he had never ceased working for the employer."  *NLRB v. Textile Machine Works*, 214 F.2d 292, 932 (3d Cir. 1954).  Thus, a failure to rehire "subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act."  *Burnam v. Amoco Container Co*., 755 F.2d 893, 894 (11th Cir. 1985).  "Otherwise, a potential plaintiff could always circumvent the limitations by reapplying for employment."  *Id*.  On the other hand, if a former employee "applies for employment and discriminatorily is refused employment...the employer has committed a separate and distinct

...

unfair...practice." *Textile Machine*, 214 F.2d at 932.  In this case, Plaintiff certainly wanted his job back, *see* Doc. 7 at 5, but he does not allege that he applied for and was denied a newly advertised or open position with Defendant so as to create a separate and discrete act of discrimination.  Thus, to the extent that there is a failure to rehire claim in this case, it is part and parcel of his untimely termination claim and likewise subject to summary judgment.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion for summary judgment, Doc. 24, be **GRANTED**;

That this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this  *1ˢᵗ*  day of June, 2009.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**